PEOPLE v. BRISCO

CRIMINAL LAW—EVIDENCE—INADMISSIBLE EXHIBITS—EXPOSURE TO
JURY—MISTRIAL.
    The exposure during a jury trial of a knife which had been
    ruled inadmissible in evidence is prejudicial and ground for
    a mistrial.

Appeal from Kent, Hoffius, (Stuart), J.  Sub-mitted Division 3 November 12, 1968, at Grand Rapids.  (Docket No. 4,115.)  Decided December 31, 1968.

Nathan Brisco was convicted of unarmed robbery. Defendant appeals.  Reversed and remanded for new trial.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *James K. Miller*, Prosecuting Attorney, and *W. J. Nykamp*, Assistant Prosecuting Attorney, for the people.

*Warner, Norcross & Judd* (*John D. Tully* and *William J. Holmes*, of counsel), for defendant.

PER CURIAM.  Defendant-appellant was convicted by a jury of the crime of unarmed robbery.*  During the course of defendant's trial, a knife which had been ruled inadmissible as being prejudicial and

---

* CL 1948, § 750.530  (Stat Ann 1954 Rev § 28.798).

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 996, 999.

irrelevant and ordered not to be exposed, was dumped from an envelope on the counsel table within the sight of the jury. Several jurors noticed the knife. Defense counsel's motion for a mistrial was denied, as well as a subsequent motion for new trial.

The issue on appeal is whether the disclosure of the knife to the jury constitutes grounds for mistrial.

The placing of the knife on the counsel table was prejudicial to defendant. The jury was put in a position where it could draw a reasonable connection between the inadmissible evidence and defendant. The knife was exposed to the jury when a police detective was being examined and he was in the process of looking in an envelope pertaining to information concerning defendant.

The trial court informed the jury that the charge in the instant case was robbery unarmed, he also stated that the knife would have nothing to do with the case. No instruction was given the jury concerning the knife.

It has been ruled in Michigan that evidence exhibited to the jury but not offered or introduced is to all intents and purposes considered as evidence. *People* v. *Rozewicz* (1924), 228 Mich 231. Also, see 46 ALR2d 1423. The use of evidence in court inadmissible by direct offer, cannot be condoned— entry through the back door cannot be allowed where entry through the front door has been refused. Under the facts in this case, we find that the showing of the knife was reversible error.

In view of our determination herein, other issues raised by defendant need not be considered.

Reversed and remanded for new trial.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.